## IN THE UNITED STATES DISTRICT COURT,
## DISTRICT OF NEW MEXICO

| | |
|---|---|
| **ERIC WELLS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| **EXPRESS BUS, INC.,** an Oklahoma for-profit corporation; and **STRATFORD INSURANCE COMPANY,** a New Hampshire insurance company, | ) Civil Action No.<br>)<br>)<br>)<br>) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

Plaintiff, **ERIC WELLS**, brings this action against Defendants, **EXPRESS BUS, INC., an Oklahoma for-profit corporation; and STRATFORD INSURANCE COMPANY, a New Hampshire insurance company**, and states as follows:

### JURISDICTION AND VENUE

1. Plaintiff, **ERIC WELLS**, is a resident and citizen of the State of Georgia.

2. Defendant, **EXPRESS BUS, INC.,** is an Oklahoma for-profit corporation, engaged in the business of operating a motor carrier in the State of New Mexico.

3. Defendant, **STRATFORD INSURANCE COMPANY**, **a New Hampshire insurance company**, is in the business of insuring motor carriers which operate in the State of New Mexico.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 by reason of diversity of citizenship of the proper parties.

5. The nature and extent of damages claimed by Plaintiff against Defendants exceed the sum of Seventy-five Thousand and No/100 Dollars ($75,000.00), exclusive of interest and costs.

6. Venue is proper in the United States District Court for the District of New Mexico pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events giving rise to the claim occurred within this judicial district. Specifically, the motor vehicle accident which is the subject of this action occurred in Quay County, New Mexico.

7. This Court has personal jurisdiction over Defendants pursuant to New Mexico Statute § 66-5-103.

## GENERAL ALLEGATIONS

8. Plaintiff, **ERIC WELLS,** refers to and herein incorporates paragraphs 1 through 7 inclusive of this Complaint as if fully set forth.

9. At all times pertinent to this cause, Defendant, **EXPRESS BUS, INC.**, owned a commercial motor carrier vehicle engaged in the transport of goods or passengers for hire.

10. On or about October 12, 2013, Taharka Bey operated a commercial motor carrier engaged in the transport of goods or passengers for hire.

11. On or about October 12, 2013, Taharka Bey operated that vehicle with the knowledge and consent of Defendant, **EXPRESS BUS, INC.**, and further, was in the course and scope of his employment and/or business relationship with Defendant, **EXPRESS BUS, INC.**

12. On or about October 12, 2013, Plaintiff, **ERIC WELLS**, was operating a motor vehicle west on Interstate 40 in Quay County, New Mexico. At that time and place, Taharka Bey was traveling west on Interstate 40 and failed to bring his commercial motor vehicle to a stop, thereby causing the vehicles to collide.

13. On or about October 12, 2013, Taharka Bey committed a tortuous act, i.e., the negligent operation of a commercial motor vehicle, within the borders of the State of New Mexico causing injuries to Plaintiff, **ERIC WELLS.**

14. Taharka Bey was negligent in the operation of his commercial vehicle in one or more of the following ways: was inattentive to conditions on the highway, was speeding, failed to yield the right-of-way to Plaintiff, failed to maintain control of his vehicle, and rear-ended a commercial motor vehicle operated by a third party, thereby causing that commercial vehicle to collide with Plaintiff, **ERIC WELLS**, commercial motor vehicle.

15. Provisions of 49 C.F.R. §§ 301 to 399, commonly referred to as the "Federal Motor Carrier Safety Regulations" or "FMCSR" are applicable to this case and Taharka Bey is subject to and was required to obey these regulations at the time of the collision and at all relevant times prior to the collision.

16. Defendant, **EXPRESS BUS, INC.,** had a duty to instruct its employees, such as Taharka Bey**,** and ensure their compliance with the FMCSR, pursuant to 49 C.F.R. §§ 390.11 and 392.1.

17. At all times material hereto, Defendant, **EXPRESS BUS, INC.,** pursuant to the U.S. Department of Transportation regulations, was in control of the tractor involved in the subject matter collision at all times material hereto.

18. At all times material hereto, pursuant to U.S. Department of Transportation Regulations, the driver of the tractor was in the course and scope of business relationship with Defendant, **EXPRESS BUS, INC.**, and Defendant, **EXPRESS BUS, INC.,** assumes complete responsibility for the driver's negligence.

19. At all times pertinent to this cause, Defendant, **STRATFORD INSURANCE COMPANY,** was the insurance carrier for Defendant, **EXPRESS BUS, INC.**, and subject to a direct cause of action pursuant to New Mexico case law.

20. The undersigned attorney hereby certifies that he has made a reasonable investigation as permitted by the circumstances which has given rise to her belief that grounds exist for the subject action.

## COUNT ONE
## CLAIMS AGAINST DEFENDANT EXPRESS BUS, INC.

21. Plaintiff, **ERIC WELLS,** refers to and herein incorporates paragraphs 1 through 20 inclusive of this Complaint as if fully set forth.

22. As a result of Defendant, **EXPRESS BUS, INC.'s** negligence, Plaintiff, **ERIC WELLS**, was injured in and about his body and extremities, resulting in pain and suffering, suffered pain therefrom, was caused to seek medical attention for his injuries, incurred medical charges for those injuries, will incur medical bills in the future, loss of enjoyment of life, inconvenience, and these losses are either permanent or continuing and Plaintiff will continue to suffer these losses in the future.

**WHEREFORE**, Plaintiff, **ERIC WELLS**, demands judgment against Defendant, **EXPRESS BUS, INC.**, for compensatory damages plus costs and such other relief as this Court deems appropriate, and demands trial by jury of all issues contained and complained of herein.

## COUNT TWO
## CLAIMS AGAINST DEFENDANT STRATFORD INSURANCE COMPANY

23. Plaintiff, **ERIC WELLS**, refers to and herein incorporates paragraphs 1 through 20 inclusive of this Complaint as if fully set forth.

24. Plaintiff, **ERIC WELLS**, refers to and herein incorporates allegations contained in Count One and Count Two above and incorporates them by reference herein.

25. At all times pertinent to this cause, Defendant, **STRATFORD INSURANCE COMPANY**, provided liability insurance coverage for the operation of tractor-trailers and

other commercial motor vehicles by its insured, Defendant, **EXPRESS BUS, INC.**, and is subject to a direct civil action pursuant to Martinez v. Reid, 132 N.M. 237, 46 P.3d 1237 (2003) and Raskob v. Sanchez, 126 N.M. 394, 970 P.2d 580 (1998). Said insurance was in force on the date of the incident described in this cause of action, and provided coverage for the commercial motor vehicle operated by Taharka Bey.

26. Defendant, **STRATFORD INSURANCE COMPANY**, is liable for Plaintiff's damages.

**WHEREFORE**, Plaintiff, **ERIC WELLS**, demands judgment against Defendant, **STRATFORD INSURANCE COMPANY,** for compensatory damages plus costs and such other relief as this Court deems appropriate, and demands trial by jury of all issues contained and complained of herein.

> HARMON, BARNETT & MORRIS, P.C.
>
> By: /s/ Kameron Barnett
> Kameron Barnett
> New Mexico Bar No. 25915
> 119 S. Main Street
> Clovis, New Mexico 88101
> (575) 763-0077
> Attorney for Plaintiff